UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES EDWARD HARRIS, JR.,

    Plaintiff,

v.

JULIE LAWSON, et al.,

    Defendants.

CAUSE NO. 3:20-CV-976-DRL-MGG

OPINION & ORDER

James Edward Harris, Jr., a prisoner without a lawyer, filed a complaint and sought leave to proceed *in forma pauperis*. However, Mr. Harris is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). This is commonly known as the "three strikes rule," and Mr. Harris has five strikes.[1] An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine

---

[1] (1) *Harris v. Sterling*, 3:19-CV-941-DRL-MGG (N.D. Ind. filed Oct. 21, 2019), dismissed Oct. 2, 2020, for failure to state a claim upon which relief can be granted. (2) *Harris v. Sterling*, 3:19-CV-997-DRL-MGG (N.D. Ind filed Nov. 1, 2019), dismissed Dec. 30, 2019, for failure to state a claim upon which relief can be granted. (3) *Harris v. Lawson*, 3:19-CV-1087-JD-MGG (N.D. Ind. filed Nov. 22, 2019), dismissed Dec. 30, 2019, for failure to state a claim upon which relief can be granted. (4) *Harris v. Sterling*, 3:20-CV-004-DRL-MGG (N.D. Ind. filed Dec. 30, 2019), dismissed Jan. 3, 2020, for failure to state a claim upon which relief can be granted. (5) *Harris v. Lawson*, 3:20-CV-113-PPS-MGG (N.D. Ind. filed Feb. 3, 2020), dismissed Feb. 6, 2020, for being frivolous.

emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Mr. Harris (who is housed in the St. Joseph County Jail) is attempting to sue three St. Joseph County Jail officers for monetary compensation because he was allegedly refused access to the state court on November 10, 2020. According to Mr. Harris, the jail officers were negligent in permitting an attorney who tested positive for COVID-19 to enter the jail, which resulted in jail-wide quarantine measures. Mr. Harris says he should have been allowed to attend court because he "was in no way in contact with any infected person(s)" and because other inmates were allowed to go to court despite the quarantine. ECF 1 at 3.

These claims do not plausibly allege that he is in imminent danger of serious physical injury. And Mr. Harris filed this complaint without paying the filing fee. He seeks leave to proceed *in forma pauperis* though he knew he had struck out. In *Harris v. Olmstead*, 3:20-CV-258-DRL-MGG (N.D. Ind. filed March 20, 2020), he was told he could not proceed *in forma pauperis*. *See id.*, ECF 3. He was told he had to prepay the $400 filing fee because he had not alleged he was in imminent danger of serious physical injury. *Id*. He was also told that an inmate who has struck out can *only* use the prepayment option in the future if the threat complained of was real, proximate, and qualified as a genuine emergency. *Id.*

This circuit requires that litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed *in forma pauperis* after they have been informed that they are barred from doing so and continue not to pay fees:

2

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

So too, this case will be dismissed, the filing fee assessed, and Mr. Harris restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict him from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Nor does it restrict him from litigating his other pending civil rights lawsuit in this court.

For these reasons, the court:

(1) **DISMISSES** this case **WITHOUT PREJUDICE**;

(2) **DENIES** James Edward Harris, Jr., leave to proceed *in forma pauperis* (ECF 2);

(3) **ORDERS** the plaintiff, **James Edward Harris, Jr., IDOC # 181550, St. Joseph County Jail # 123488**, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the **$400.00** filing fee is paid in full;

3

(4) **DIRECTS** the clerk of court to create a ledger for receipt of these funds;

(5) **DIRECTS** the clerk of court to return, unfiled, any papers filed in any cases except:

**3:19-CV-970-JD-MGG**

by or on behalf of James Edward Harris, Jr., (except for a notice of appeal or unless filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(6) **DIRECTS** the clerk to note on the docket any attempted filings in violation of this order; and

(7) **DIRECTS** the clerk to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED.

November 25, 2020                       *Damon R. Leichty*
                                        Judge, United States District Court